IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Lamarr Barthell Dingle, )<br>    Petitioner, )<br> )<br>v. )<br> )<br>Director, Va. Department of Corrections, )<br>    Respondent. ) | 1:16cv23 (GBL/IDD) |

## MEMORANDUM OPINION

This Matter comes before the Court on respondent's Renewed Motion to Dismiss a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 filed by Lamarr Barthell Dingle, a Virginia inmate proceeding pro se. Dingle challenges the constitutionality of convictions entered in the Circuit Court of the City of Norfolk.

## I. Background

On May 16, 2013, following a bench trial, petitioner was convicted of attempted murder and aggravated malicious wounding. He received a sentence of 35 years incarceration, with 25 years suspended. Case Nos. CR12001741-00 - 01.

Dingle appealed his convictions, arguing that: (1) the trial judge erred when she stated that it was irrelevant whether or not the victim had broken into petitioner's house; and (2) the trial court erred by refusing to allow him to testify about his educational and employment backgrounds. The Court of Appeals denied the petition for appeal on December 17, 2013. Dingle v. Commonwealth, R. No. 1329-13-1 (Va. Ct. App. Dec. 17, 2013). The Supreme Court of Virginia refused a petition for further review on August 15, 2014. Dingle v. Commonwealth, R. No. 140120 (Va. Aug. 14, 2014). Dingle's petition for a writ of certiorari was denied by the

United States Supreme Court on June 1, 2015. Dingle v. Va., Case No. 14-9098.

Dingle next filed a petition for a state writ of habeas corpus in the Supreme Court of Virginia in which he advanced the following arguments:

- A. Exclusion of evidence and witnesses:

    1. The doctor was not present at trial to testify as a medical expert.

    2. The medical records do not match the victim's testimony at any of the court proceedings.

    3. The judge did not consider or weigh all the evidence.

    4. The victim is not a medical expert and her testimony was inadmissible at trial.

    5. The judge did not allow all the evidence to be admitted at trial.

    6. The medical records were not presented as part of the exhibits or as exculpatory evidence at the trial.

    7. His rights to due process and a fair trial were violated when the doctor was not subpoenaed as a witness at trial.

- B. He received ineffective assistance of counsel for the following reasons:

    1. Counsel's performance fell below the standard of reasonableness and the outcome of the trial would have been different if counsel had performed effectively.

    2. Counsel failed to investigate favorable medical reports and did not secure or present the testimony of the victim's treating physician at trial.

    3. Counsel failed to investigate the facts and circumstances and failed to object to evidence presented by the prosecution.

> 4. Counsel did not proffer the evidence he attempted to introduce at trial.

The Supreme Court of Virginia dismissed Dingle's petition on July 28, 2015. Specifically, it found that claims (A)(1) - (7) were barred by the rule of Slayton v. Parrigan, S.E.2d 680, 682 (1974), and that claims (B)(1)-(4) were without merit. Dingle v. Dir., Dep't of Corr., R. No. 1468992 (Va. July 28, 2015).

On December 23, 2015, petitioner timely filed the instant application for relief pursuant to 28 U.S.C. §2254, making the following arguments:

A. Exclusion of evidence and witnesses:

> 1. The doctor was not present at trial to testify as a medical expert; the prosecutor was required to produce the treating physician and his failure to do so violated petitioner's right to confrontation.
>
> 2. The medical records do not match the victim's testimony at any of the court proceedings; the victim's injuries should have been verified by a medical expert; the treating physician should have testified and both defense counsel and the prosecutor failed to secure his testimony.
>
> 3. The victim is not a medical expert and her testimony about her injuries was inadmissible.
>
> 4. The medical records were not presented as exculpatory evidence at trial; the medical records did not match the victim's testimony.
>
> 5. The judge did not allow all the evidence to be admitted and considered before convicting petitioner; the judge erred in finding that whether the victim had broken into petitioner's house was irrelevant because the victim was on probation and hence she had an enormous motive to fabricate; the judge saw the marks on petitioner's arms caused by the victim's

3

knife attack.

B. Petitioner received ineffective assistance of counsel where:

1. Counsel failed to ensure that the doctor testified at trial; although counsel said the defense was prepared for trial he failed to subpoena the doctor or get his affidavit. Petitioner attempted to get a subpoena for the testimony in support of his state habeas petition but was unsuccessful. If the doctor had testified or his records had been available, the outcome of the trial would have been different because the evidence would have been insufficient to convict petitioner of attempted murder and aggravated malicious wounding.

2. Counsel failed to proffer the favorable medical evidence at trial, to object on appeal, and to present the testimony of the victim's treating physician at trial.

3. Counsel failed to investigate the facts and circumstances and to object to the prosecution's evidence.

4. Counsel failed to proffer the evidence he attempted to introduce at trial.

    a. Counsel's failure precluded arguments on direct appeal that a doctor did not testify at trial regarding the victim's injuries and treatment; the victim's testimony regarding her injuries should have been excluded because she was not a medical expert.

    b. Counsel did not proffer the testimony of Officers Gratt and Barnes as to a break-in at petitioner's home prior to the altercation.

    c. Counsel failed to comply with procedural rules, to have a deliberate strategy, or to exercise reasonable

judgment and thus was derelict in his duty to petitioner.

Respondent filed a Rule 5 Answer and a Motion to Dismiss the petition along with a supporting brief on March 11, 2016, and provided petitioner with the notice required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7K. (Dkt. No. 10 - 12) Petitioner submitted a Reply Brief in opposition on April 25, 2016. (Dkt. No. 18) On February 16, 2017, the Motion to Dismiss was dismissed, without prejudice to renewal after the complete state court record was supplied to this court.[1] Respondent filed a Renewed Motion to Dismiss with a supporting brief on February 22, 2017, and again advised petitioner in accordance with Roseboro. (Dkt. No. 27 - 30) Petitioner in response filed a Motion for Renewed Reply Brief (Dkt. No. 33) asking the Court to consider his original Reply Brief; the Court will grant this request. Accordingly, this matter is now ripe for disposition. For the reasons which follow, respondent's Renewed Motion to Dismiss will be granted, and the petition will be dismissed, with prejudice.

## II. Exhaustion and Procedural Bar

Before bringing a federal habeas petition, a state prisoner must first exhaust his claims in the appropriate state court. 28 U.S.C. § 2254(b); Granberry v Greer, 481 U.S. 129 (1987); Rose v. Lundy, 455 U.S. 509 (1982). To comply with the exhaustion requirement, a petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526

---

[1] Initially, the Supreme Court of Virginia provided the records of petitioner's direct appeal, R. No. 140120, but failed to forward those pertaining to his state habeas corpus action, R. No. 150226. The records of the habeas proceeding were received on February 21, 2017. (Dkt. No. 31).

5

U.S. 838, 845 (1999). Thus, a petitioner convicted in Virginia first must have presented the same factual and legal claims raised in his federal habeas corpus application to the Supreme Court of Virginia on direct appeal or in a state habeas corpus petition. See, e.g., Duncan v. Henry, 513 U.S. 364 (1995); Picard v. Connor, 404 U.S. 270, 275-78 (1971) (noting that for a claim to be exhausted, "both the operative facts and the 'controlling legal principles' must be presented to the state court."); Matthews v. Evatt, 105 F.3d 907, 910-11 (4th Cir. 1997) (same). Thus, "mere similarity of claims" is insufficient to satisfy the exhaustion requirement. Mallory v. Smith, 27 F.3d 991, 994 (4th Cir. 1994).

In this case, petitioner's claims are exhausted to the extent that they were raised before the Supreme Court of Virginia on direct appeal or in the state habeas corpus proceeding. In several instances, however, particularly with regard to the claims of ineffective assistance of counsel, petitioner in this federal proceeding has raised new arguments supported by new facts that were not previously presented in the state forum. "A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000) (citing Gray v. Netherland, 518 U.S. 152, 161 (1996)). Importantly, however, "the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas review of the defaulted claim." Id. (quoting Gray, 518 U.S. at 162). Here, then, to the extent that petitioner adds arguments and facts to his claims that have not been presented to the state courts, those portions of the claims are simultaneously exhausted and defaulted for purposes of federal review. See Bassette v. Thompson, 915 F.2d 932 (4th Cir. 1990).

In addition, in the state habeas corpus proceeding the Supreme Court of Virginia expressly found petitioner's Claim A concerning the exclusion of evidence and witnesses to be defaulted pursuant to Slayton v. Parrigan, 215 Va. 27, 205 S.E.2d 680 (1974), cert. denied, 419 U.S. 1108 (1975). The Fourth Circuit Court of Appeals has consistently held that "the procedural default rule set forth in Slayton constitutes an adequate and independent state law ground for decision." Mu'min v. Pruett, 125 F.3d 192, 196-97 (4th Cir. 1997). Therefore, the Virginia court's express finding that Slayton barred review of petitioner's claim A also precludes federal review of its merits.

Federal courts may not review barred claims absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris v. Reed, 489 U.S. 255, 260 (1989). The existence of cause ordinarily turns upon a showing of (1) a denial of effective assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim. See Coleman v. Thompson, 501 U.S. 722, 753-54 (1991); Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990); Clanton v. Muncy, 845 F.2d 1238, 1241-42 (4th Cir. 1988). Importantly, a court need not consider the issue of prejudice in the absence of cause. See Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995), cert. denied, 517 U.S. 1171 (1996). In his Reply Brief Opposing Motion to Dismiss (Dkt. No. 18), petitioner makes no attempt to establish cause and prejudice as to any of his procedurally defaulted claims. Accordingly, Claim A of this petition and the portions of Claim B that have not been exhausted in the Virginia courts are procedurally barred from federal review.

### III. Merits Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition,

a federal court may not grant the petition based on the claim unless the state court's adjudication is contrary to, or an unreasonable application of, clearly established federal law, or based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). Whether a state court decision is "contrary to" or "an unreasonable application of" federal law requires an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court's determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410. Under this standard, "[t]he focus of federal court review is now on the state court decision that previously addressed the claims rather than the petitioner's free-standing claims themselves." McLee v. Angelone, 967 F.Supp. 152, 156 (E.D. Va. 1997), appeal dismissed, 139 F.3d 891 (4th Cir. 1998) (table).

## IV. Analysis

In Claim B, petitioner argues that he received ineffective assistance of trial counsel for several reasons. To establish ineffective assistance of counsel, a petitioner must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defendant." Strickland v. Washington, 466 U.S. 668, 687 (1984). To prove that counsel's performance was deficient, a petitioner must show that "counsel's representation fell below an

objective standard of reasonableness" id. at 688, and that the "acts and omissions" of counsel were, in light of all the circumstances, "outside the range of professionally competent assistance." Id. at 690. Such a determination "must be highly deferential," with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also, Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000) (reviewing court "must be highly deferential in scrutinizing [counsel's] performance and must filter the distorting effects of hindsight from [its] analysis"); Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994) (court must "presume that challenged acts are likely the result of sound trial strategy."). To satisfy Strickland's prejudice prong, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.; accord, Lovitt v. True, 403 F.3d 171, 181 (4th Cir. 2005). The burden is on the petitioner to establish not merely that counsel's errors created the possibility of prejudice, but rather "that they worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimension." Murray v. Carrier, 477 U.S. 478, 494 (1986) (citations omitted, emphasis original). The two prongs of the Strickland test are "separate and distinct elements of an ineffective assistance claim," and a successful petition "must show both deficient performance and prejudice." Spencer, 18 F.3d at 233. Therefore, a court need not review the reasonableness of counsel's performance if a petitioner fails to show prejudice. Quesinberry v. Taylore, 162 F.3d 273, 278 (4th Cir. 1998).

Briefly, petitioner's prosecution arose from an incident that occurred on August 18, 2011,

when the victim asked petitioner to pick her up from school. Petitioner and the victim had dated and lived together briefly, but by this point they had become estranged. The victim testified that petitioner had been trying to contact her for weeks by "calling everybody," and she wanted to tell him to stop. (T. 32-33, 47-48) When she got into the car petitioner said he still loved her and asked repeatedly if they could go to his house, but the victim declined and eventually asked petitioner to take her back to school. As she was looking out the passenger-side window of the car petitioner stabbed her in the neck with a steak knife; the wound was not deep but it bled profusely. (T. 34, 54-55) The victim tried to defend herself by protecting her neck with her hand, and she received additional stab wounds in the shoulder, arm and hand. (T. 35) She tried to get out of the moving car but petitioner grabbed her by the neck, choking her and holding her in a head lock. (T. 36, 40, 58) The victim testified that the "through and through" stab wound to her hand was the most serious and required "reconstructive plastic surgery" because a tendon had been severed; at the time of trial she still had no feeling in two fingers. (T. 37-38) Defense counsel impeached the victim with prior inconsistent testimony and brought out the fact that her injuries were really not severe (T. 56-72), and petitioner testified in his own defense that it was the victim who attacked him with the steak knife because he had reported her to the police for violating her probation by burglarizing his home and using drugs, but the trial judge ultimately found the victim's testimony to be "persuasive" and "credible," taking into full consideration her prior felony convictions and misdemeanors of moral turpitude. (T. 138)

In his first and second subclaims of ineffective assistance in this federal action,[2] petitioner

---

[2]In the state habeas proceeding, petitioner argued in his first subclaim of ineffective assistance that counsel's performance fell below the standard of reasonableness and affected the outcome of the trial. He does not repeat that claim here.

argues in relevant part that counsel failed to subpoena the victim's treating physician to testify as to her injuries at trial and failed to proffer favorable medical evidence.[3] When he made these same arguments in his state habeas action, the Supreme Court of Virginia found them to be without merit, as follows:

> The Court holds that claim (B)(2) satisfies neither the 'performance' nor the 'prejudice' prong of the two-part test enunciated in Strickland. Petitioner does not identify the favorable information he claims is contained in the reports, or how such information would have resulted in a different outcome. Additionally, petitioner fails to articulate, by affidavit or otherwise, the testimony the victim's doctor would have provided had he been called in petitioner's criminal trial or how such testimony would have aided in his defense. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceedings would have been different.

Dingle v. Dir., Dep't of Corr., slip op. at 2-3.

The Supreme Court of Virginia's foregoing holding was a reasonable application of the Strickland principles. In general, courts "are reluctant to find ineffective assistance based upon complaints regarding uncalled witnesses." Lenz v. True, 370 F.Supp.2d 446, 479 (W.D. Va. 2005). A petitioner cannot show that he was prejudiced by the absence of a witness' testimony unless he demonstrates "not only that [the] testimony would have been favorable, but also that the witness would have testified at trial." Alexander v. McClotter, 775 F.2d 595, 602 (5th Cir. 1985). Thus, where a petitioner fails to proffer precisely what testimony a missing witness would have provided and to supply an affidavit verifying that proffer, he does not meet his burden to demonstrate that counsel's performance was ineffective. See Makdessi v. Watson, 682

---

[3] To the extent that petitioner adds additional arguments and facts to these subclaims, those portions of the claims were not presented to the Virginia courts and so are procedurally barred from consideration here, as discussed supra.

11

F. Supp. 2d 633, 654 (E.D. Va. 2010).

That conclusion is bolstered here by the fact that at the outset of trial on November 28, 2012, petitioner represented to the court that he was ready for trial, he was satisfied with the services of defense counsel, and he had given defense counsel the names of witnesses he believed would be helpful to his defense and that those witnesses were present in the courtroom. (T. 7-8) Absent circumstances not present here, federal law precludes collateral relief on a claim that counsel provided ineffective assistance by failing to secure the testimony of a missing witness. See Jones v. Taylor, 547 F.2d 808, 810 (4th Cir. 1977) ("Having told the trial court that he did not desire to offer additional witnesses, Jones may not be permitted to attack the validity of his convictions on the ground that his counsel was ineffective in not offering these witnesses unless Jones advances a cogent allegation as to why he should not be held to his former statement.") Because the Supreme Court of Virginia's rejection of petitioner's argument was factually reasonable and in accord with these controlling federal principles, its determination may not be disturbed here. Williams, 529 U.S. at 412-13.

In his third subclaim of ineffective assistance, petitioner asserts that counsel's efforts fell below constitutional standards when he failed to object to the evidence presented by the prosecution. The Supreme Court of Virginia rejected this contention, as follows:

> The Court holds that claim (B)(3) satisfies neither the 'performance' nor the 'prejudice' prong of the two-part test enunciated in Strickland. Petitioner fails to identify the evidence he contends counsel should have objected to or the reason the objection should have been made. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceedings would have been different.

Dingle v. Dir., Dep't of Corr., slip op. at 3.

As the Virginia court accurately determined, petitioner's claim was expressed to that tribunal as no more than a generalized assertion that counsel should have interposed unspecified objections to unspecified items of evidence introduced by the prosecution. Under such circumstances, that court's determination petitioner failed to make out a viable claim of ineffective assistance was factually reasonable, and its rejection of the claim was in accord with Strickland.

In his fourth subclaim, petitioner contends that counsel rendered ineffective assistance by failing to proffer the evidence he attempted to introduce at trial. Again, the Supreme Court of Virginia found no merit to this argument:

> The Court holds that claim (B)(4) satisfies neither the 'performance' nor the 'prejudice' prong of the two-part test enunciated in Strickland. Petitioner fails to identify the evidence he contends counsel should have proffered or how submission of the evidence would have resulted in a different outcome. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceedings would have been different.

Dingle v. Dir., Dep't of Corr., slip op. at 4.

The Supreme Court of Virginia's foregoing holding was a reasonable application of controlling federal principles. Federal law recognizes that where a habeas petitioner bases a claim of ineffective assistance on missing evidence, "without a specific, affirmative showing of what the missing evidence or testimony would have been, a 'habeas court cannot even begin to apply Strickland's standards' because 'it is very difficult to assess whether counsel's performance was deficient, and nearly impossible to determine whether the petitioner was prejudiced by any deficiencies in counsel's performance." Anderson v. Collins, 18 F.3d 1208, 1221 (5th Cir. 1994), quoting United States ex rel. Partee v. Lane, 926 F.2d 694, 701 (7th Cir. 1991), cert. denied, 502 U.S. 1116 (1992). To the extent that petitioner attempts to cure the

deficiency of the claim presented in state court here, by identifying the allegedly missing evidence and explaining his view of its effect on the trial, his efforts to salvage the claim fall short, because the newly-added portions of the federal claim are procedurally defaulted from consideration. Baker, 220 F.3d at 288. Accordingly, claim (B)(4) warrants no relief.

## V. Conclusion

For the foregoing reasons, respondent's Renewed Motion to Dismiss this petition will be granted, and the petition will be dismissed with prejudice. Petitioner's Motion for Renewed Reply Brief will be granted. An appropriate Order and judgment shall issue.

Entered this 28th day of April 2017.

Alexandria, Virginia

/s/
Gerald Bruce Lee
United States District Judge